UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SUNDAY QUINCY USOH, | § |
| | § |
| *Petitioner,* | § |
| | § |
| v. | § Case No. 3:22-CV-1058-X-BN |
| | § |
| U.S. IMMIGRATION | § |
| CITIZENSHIP SERVICES | § |
| | § |
| *Defendant.* | § |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case.[1] Petitioner Sunday Quincy Usoh, a federal prisoner incarcerated in South Carolina, but possibly a resident in this district before his incarceration, petitioned *pro se* for a writ of mandamus under 28 U.S.C. § 1361 to compel the United States Immigration Citizenship Services ("USCIS") to grant his request for citizenship due to the delay in determining his application.[2] The Magistrate Judge concluded that the petition should be denied because 8 U.S.C. § 1447(b) provides an adequate remedy.[3] Specifically, it permits Usoh to ask the court to conduct a hearing and "either determine or remand the matter."[4] The Magistrate

---

[1] Doc. No. 4.

[2] Doc. No. 3.

[3] Doc. No. 4 at 4–5.

[4] 8 U.S.C. § 1447(b).

1

Judge also concluded that Usoh failed to demonstrate his right to mandamus relief in the form of a grant of citizenship.[5]

Usoh filed objections to the Magistrate Judge's report, arguing that the writ of mandamus should be granted because his final interview for citizenship was conducted prior to his conviction and such an interview "cannot be conducted until all F.B.I. and DHS background checks are conducted."[6] Usoh further claims that USICS violated his 5th and 14th Amendment rights by failing to give him a "presumption of innocence," but he cites no statute or caselaw to show why the timing of his final citizenship interview violated those Amendments.[7] Usoh cites two cases in support of his objection, but neither contradicts the Magistrate Judge's reasoning.[8]

Usoh offers no response to the Magistrate Judge's conclusion that his petition for a writ of mandamus should fail pursuant to 8 U.S.C. § 1447(b). Accordingly, the Court **OVERRULES** Usoh's objection because he has not presented any legal reason to support granting his petition for a writ of mandamus.

The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendations to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. The

---

[5] Doc. No. 4 at 5.

[6] Doc. No. 6 at 1–2.

[7] *Id.*

[8] *Id.* at 2 (citing *Saleh v. Barrows*, No. 3:07-CV-0136-L, 2007 WL 3287339 (N.D. Tex. Nov. 5, 2007) (Lindsay, J.) (holding that 8 U.S.C. § 1447(b) entitles a petitioner to seek redress with a district court if an application for naturalization has not been granted or denied 120 days after the final interview); *Walji v. Gonzales*, 489 F.3d 738, 741 (5th Cir. 2007), *opinion withdrawn and superseded on reh'g*, 500 F.3d 432 (5th Cir. 2007) (clarifying 8 U.S.C. § 1447(b) as applied to petitioner who properly sought relief with a district court)).

Court **ACCEPTS** the Findings, Conclusions, and Recommendations of the United States Magistrate Judge to deny the petition for a writ of mandamus under 28 U.S.C § 1361.[9]  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Usoh's petition.

**IT IS SO ORDERED,** this 15th day of February, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[9] Doc. No. 4 at 5.